**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50304
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS HERNANDEZ-CALVILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3373-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Hernandez-Calvillo (Hernandez) appeals the sentence imposed following his guilty plea to illegal reentry. He argues that his within-guidelines sentence was greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). Hernandez did not object to the substantive reasonableness of his sentence in the district court; therefore, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez argues that U.S.S.G. § 2L1.2 improperly double counted his prior conviction. We have rejected the argument that a sentence imposed in accordance with § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of the alleged double counting inherent in that Guideline. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Hernandez additionally argues that the guidelines range failed to reflect his personal history and characteristics, arguing that his pure motive for returning to the United States mitigates the seriousness of the offense. This argument is unavailing. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). The district court, which was in a superior position to apply the § 3553(a) factors, considered and rejected Hernandez's argument. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The record reflects that the district court did not commit error, plain or otherwise, in determining that a sentence of 42 months of imprisonment would satisfy the sentencing objectives of § 3553(a).

AFFIRMED.